## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KRIS J. and GARDENA M. | ) | Chapter 7 |
| ABRAMOWITZ, | ) | Case No. 08-42847-JBR |
| Debtors | ) | |
| _____ | ) | |
| | ) | |
| BARBARA and DAVID | ) | Adversary Proceeding |
| KEELER, | ) | No. 09-04020 |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KRIS J. ABRAMOWITZ, | ) | |
| Defendant | ) | |
| _____ | ) | |

### MEMORANDUM OF DECISION

Before the Court is a complaint by the Plaintiffs, Barbara and David Keeler, seeking a determination that a debt owed to them by the Defendant, Kris Abramowitz, is not dischargeable in the Defendant's Chapter 7 bankruptcy. The debt at issue arises from a judgment of the Massachusetts Trial Court which found the Defendant liable to the Plaintiffs for a violation of a Massachusetts statute forbidding willful trespasses to trees.[1] At the parties' request, no evidentiary hearing was held, and so the Court renders its decision based on the record as submitted. Guided by the findings of the state court and two remarkably *apropos* decisions by Massachusetts bankruptcy courts, the Court finds that the Defendant's conduct was not "willful and malicious" within the meaning of section 523(a)(6) of the Bankruptcy Code, and so the debts arising therefrom are not excepted from discharge.

---

[1] M.G.L. ch. 242, § 7.

1

**The State Court Decision**

On September 19, 2007, Judge Margaret Zaleski of the District Court Department of the Massachusetts Trial Court, Concord Division, issued Findings of Fact and Conclusions of Law (hereinafter the "state court decision") in *David and Barbara Keeler v. Kris Abramowitz, Jack Tobin and A.G.A. Realty Trust, L.L.C.*[2]  Judge Zaleski found for the plaintiffs in the total amount of $24,766.30, plus interest.[3]  The parties adopt the facts as stated by that decision (included in our record as Exhibit B to the Complaint) and reiterated in relevant part as follows.

The Plaintiffs, a married couple, reside at 33 Quaboag Road in Acton, Massachusetts.  In late 2005, the Defendant purchased an abutting parcel, located at 35 Agawam Road in Acton.  Soon thereafter, the Defendant hired a logger to remove all the trees on his parcel.  The logger had no guidance, however, to determine where the Defendant's property ended and where the Plaintiffs' property began.  He was not provided with a survey or plot plan, and there were no

---

[2] As the caption indicates, there were two parties, Jack Tobin and A.G.A. Realty Trust, L.L.C., included as defendants in the state court action in addition to the Defendant in the instant adversary proceeding.  Consistent with the Massachusetts statutory scheme of joint and several liability, judgment entered against all three joint tortfeasors without considering their relative degrees of fault.  *See* M.G.L. ch. 231B, §1 *et seq*.  The only issue before this Court is the dischargeability of the debt owed by the Defendant to the Plaintiffs, and in the interest of simplicity this decision omits further references to the joint tortfeasors.  However, it should be noted that the Defendant's business partner and co-defendant in the state court action was himself a Chapter 7 debtor, and received a discharge in May of 2008.  In that case, the issue of dischargeability under 11 U.S.C. §523 was never raised.

[3] This total includes actual damages for the replacement of trees in the amount of $7,042.10, trebled to $21,126.30 as required by the statute, plus $3,640.00 "for the costs of the survey [to determine the property line] and for additional trespasses by the defendants."  This decision does not parse the constituent parts of the damages awarded by the state court because 11 U.S.C. § 523(a)(6) excepts from discharge any debt incurred as a result of willful and malicious conduct, including "not only restitutionary but also compensatory and punitive damages and attorney's fees."  *Petty v. Belanger ex rel. Belanger*, 232 B.R. 543, 547 (D. Mass. 1999) (interpreting *Cohen v. De La Cruz*, 523 U.S. 213 (1998)).

reliable ("there [were] the remains of a split rail fence , but [those were] not at the property line") and visible ("there was a stake marking the property line . . . . [but g]iven the amount of small and large growth . . . [it] was impossible to see the stake") demarcations of the property line available.  As Judge Zaleski stated, the Defendant's logger "had to guess as to which trees were on the defendant's property and which were on the [Plaintiffs'] property."  Judge Zaleski found that plaintiff Barbara Keeler "stopped her motor vehicle on the way to work, and told [the Defendant's logger] that she did not want any trees on her property cut," but there is no indication that the Plaintiffs themselves provided the logger with any direction regarding the property line.   Sure enough, while walking their property in March of 2006, the Plaintiffs noticed that the Defendant's logger had cut down eleven hemlock trees located on their parcel.  This observation was reaffirmed by a subsequent survey of the property line.

The legal basis for the state court action was M.G.L. ch. 242, § 7 (hereinafter the "tree removal statute"), which provides:

> A person who without license willfully cuts down, carries away, girdles or otherwise destroys trees, timber, wood or underwood on the land of another shall be liable to the owner in tort for three times the amount of the damages assessed therefor; but if it is found that the defendant had good reason to believe that the land on which the trespass was committed was his own or that he was otherwise lawfully authorized to do the acts complained of, he shall be liable for single damages only.

Judge Zaleski found that the Defendant's conduct mandated the imposition of treble damages under the statute.  Specifically, she determined that "[t]o cut trees without knowledge of the

exact property line was fool hearty [sic]," and that the Defendant "had no good reason to believe that the land on which the trespass was committed was [his] own."

**Application of the State Court Decision to Dischargeability Under 11 U.S.C. §523**

The parties agree that they are bound by the facts and conclusions of law as found by Judge Zaleski in the state court decision. The parties further agree that the determinative law in this case is section 523(a)(6) of the Bankruptcy Code, which excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." This leaves only one question for this Court to decide: Was the Defendant's conduct "willful and malicious" within the meaning of the Bankruptcy Code?

Remarkably, two bankruptcy courts in the District of Massachusetts have had occasion to apply state court findings under the tree removal statute to the dischargeability criteria of section 523(a)(6). In the first case, *Bairstow v. Sullivan* (*In re Sullivan*), the defendant's agents had continually removed trees and shrubs from the plaintiff's property, conduct which "continued for several months after it was brought to the attention of the Debtor's workcrew [that] a trespass existed." 298 B.R. 417, 423 (Bankr. D. Mass. 1996). As in the instant case, a Massachusetts trial court had found the defendant liable for treble damages under the tree removal statute. Judge Queenan found that the willfulness requirement was satisfied by the state court's finding that "agents . . . of the debtor had intentionally and deliberately trespassed upon land of the plaintiffs and damaged their [trees]." *Id*. This left the element of malice, which Judge Queenan held was satisfied by the presence of "aggravating factors," such as the fact that the offensive conduct continued long after the debtor's agents realized they were trespassing. *Id*.

In the second case, *Caci v. Brink (In re Brink),* the defendants, an unmarried couple,

4

deemed their neighbor's unkempt and overgrown row of yew hedges to be an eyesore, and took matters into their own hands by cutting down the entire hedgerow without the neighbor's permission.  333 B.R. 560, 566 (Bankr. D. Mass. 2005).  Judge Feeney applied the facts found by a Massachusetts state court in awarding treble damages to the neighbor, along with an independent evaluation of the evidence, to rule that the defendants "acted with an intent to cause injury to [their neighbor's] property and that they acted without just cause or excuse having failed to obtain the permission from [their neighbor] to enter upon his property."  333 B.R. 560, 571 (Bankr. D. Mass. 2005).  The court held that this conduct was sufficiently "willful and malicious" to render the judgment debt nondischargeable.

As Judge Feeney articulated the standard in *Brink*, "[t]o establish the nondischargeability of a debt under §523(a)(6), the creditor must prove by a preponderance of the evidence . . . that '1) the injuries complained of were the result of an act of the debtor done without justification or excuse; and 2) the debtor acted either intending to cause an injury or with substantial certainty that the injury would occur.'"  *Id*. at 567 (quoting *Gomes v. Limieux* (*In re Limieux*) 306 B.R. 433 (Bankr. D. Mass. 2004)).

Whether based upon an independent evaluation of the evidence or the preclusive effect of the state court decision, it is apparent that the Plaintiffs here have satisfied the first element of the analysis.  The Defendant felled eleven of the Plaintiffs' hemlock trees without justification or excuse.  The more difficult question is whether the Defendant's conduct satisfies the second element.  The state court decision is less helpful on this score because its conclusions of law speak only to the level of culpability required for treble damages under the tree removal statute, *i.e.* that the Defendant had no "good reason" to believe his conduct was lawful.  This finding

5

bears only tangentially upon the level of culpability amounting to "willful and malicious" under section 523(a)(6), and provides no direction as to whether the Defendant acted "either intending to cause an injury or with substantial certainty that the injury would occur." Therefore, the Court can only apply the facts, and not the conclusions of law, stated by the state court decision.

This case is distinguishable from both *Sullivan* and *Brink* because in those cases, the defendants intended to cut down trees which they knew belonged to their neighbors. Nothing in the state court decision suggests that such was the case here. Here, the Defendant acted with a "foolhardy" disregard for the property rights of the Plaintiffs, heedlessly undertaking a course of action that had the potential to cause injury. It might be said that such conduct may rise above simple negligence, toward the realm of gross negligence or even recklessness. However, "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Kawaauhau v. Geiger*, 523 U.S. 57, 64 (1998). It appears from the state court decision that the Defendant's state of mind was more akin to one of recklessness than to an intent to cause injury or even a "substantial certainty that the injury would occur," because there is no indication that the Defendant intended to harm the Plaintiff's trees.[4] For that reason, the Defendant's conduct was not "willful and malicious" within the meaning of section 523(a)(6) of

---

[4] In *Geiger*, the United States Supreme Court found the intent requirement of the "willful and malicious" standard to be roughly analogous to the formulation of intent in the Restatement (Second) of Torts. *See id.* at 61-62. The Restatement discusses the distinction between reckless and intentional conduct: "Reckless misconduct differs from intentional wrongdoing in a very important particular. While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it. It is enough that he realizes or, from facts which he knows, should realize that there is a strong probability that harm may result, even though he hopes or even expects that his conduct will prove harmless. However, a strong probability is a different thing from the substantial certainty without which he cannot be said to intend the harm in which his act results." Restatement (Second) of Torts, § 500, Comment *f* (1964).

the Bankruptcy Code, and therefore the resulting debt will not be excepted from discharge.

A separate order will issue rendering judgment for the Defendant and against the Plaintiffs.

Dated: February 18, 2010                                          By the Court,

                                                                  /s/ Joel B. Rosenthal

                                                                  _____
                                                                  Joel B. Rosenthal
                                                                  U.S. Bankruptcy Judge